UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CRIMINAL NO. SA-22-CR-207-OLG |
| ) | |
| CECILIO VASQUEZ, JR., ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S**
**MOTION FOR FINAL JUDGMENT OF FORFEITURE**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files its Motion for Final Judgment of Forfeiture, pursuant to the provisions of Fed. R. Crim. P. 32.2(c)(2) and Title 21 U.S.C. § 853(n)(1-7), and in support thereof says the following:

**I.**

On January 5, 2023, the Defendant entered a plea of guilty pursuant to a written Plea Agreement (Doc. 32), to Count One of the Indictment (Doc. 3) returned against him, charging him with the violation of Title 18 U.S.C. § 2252A(a)(2).

**II.**

As part of his guilty plea, said Defendant agreed to forfeit his interest in certain properties and stipulated that the factual basis within his Plea Agreement (Doc. 32) was true and correct, which establishes by a preponderance of the evidence the nexus between the violation described above and the following properties:

1. TCL Revvl 4+ cellular phone, model 5062Z; and
2. LG Aristo, model MS210 cellular phone,

hereinafter referred to as the Subject Personal Properties.

### III.

On March 23, 2023, the Court entered a Preliminary Order of Forfeiture (Doc. 42) and pursuant to said order, the notice of forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on March 29, 2023, and ending on April 27, 2023, as required by Fed. R. Crim. P. 32.2(b)(6)(C). The Declaration of Publication (Doc. 43) was filed on May 1, 2023.

### IV.

The United States of America knows of no potential persons or entities who may have a third-party interest in the Subject Personal Properties. Court records for the United States District Clerk's Office, San Antonio Division, reveal that no petitions were filed in this cause by any third-party interests against the Subject Personal Properties pursuant to the provisions of Title 21 U.S.C. § 853(n)(1-7) and Fed. R. Crim. P. 32.2(b)(2), and the time for filing such petitions has expired.

### V.

On January 25, 2024, the Defendant was sentenced to be imprisoned for a total term of one hundred sixty-five (165) months and the Subject Personal Properties were included in his Judgment in a Criminal Case (Doc. 56) entered by this Court on January 26, 2024. Accordingly, this matter is ready for final disposition.

### VI.

The United States of America moves the Court to find that the United States of America has established the requisite nexus between the Subject Personal Properties and the violation described above by virtue of the Defendant's plea agreement with the factual basis contained therein. The United States further moves the Court to find that the Defendant has an interest in the Subject Personal Properties.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of the Defendant in the Subject Personal Properties be forfeited to the United States of America.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of all other potential petitioners, in the Subject Personal Properties be held in default and forfeited to the United States of America.

Plaintiff, United States of America, further moves this Court to order that the Department of Homeland Security and/or its designated agent, seize, take custody, control, and possession of the Subject Personal Properties, and dispose of the Subject Personal Properties in accordance with law.

Plaintiff, United States of America, further moves this Court to order that all terms and provisions contained in this Court's Preliminary Order of Forfeiture (Doc. 42) entered on March 23, 2023, in so much as may be applicable and consistent with this Order, shall remain in full force and effect.

WHEREFORE, ALL PREMISES CONSIDERED, the United States of America moves this Honorable Court for a Final Judgment of Forfeiture against the Subject Personal Properties wherein all right, title, and interest in said Subject Personal Properties shall enure to the United States of America.

          Respectfully submitted,

          JAIME ESPARZA
          United States Attorney

By: /s/_____
   RAY A. GATTINELLA
   Assistant United States Attorney
   Asset Forfeiture Section
   601 N.W. Loop 410, Suite 600
   San Antonio, Texas 78216
   Tel: (210) 384-7040
   Fax: (210) 384-7045
   Texas Bar No. 00798202
   Email: Ray.Gattinella@usdoj.gov
   Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 11, 2024, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Marina Thais Douenat
Office of the Federal Public Defender
727 E. Cesar E. Chavez Blvd.
San Antonio, TX 78206
Email: marina_douenat@fd.org
Attorney for *CECILIO VASQUEZ, JR.*

          /s/_____
          RAY A. GATTINELLA
          Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| V. | ) CRIMINAL NO. SA-22-CR-207-OLG |
| | ) |
| CECILIO VASQUEZ, JR., | ) |
| | ) |
| **Defendant.** | ) |

**FINAL JUDGMENT OF FORFEITURE**

Came on to be considered the United States of America's Motion for Final Judgment of Forfeiture, pursuant to the provisions of Fed. R. Crim. P. 32.2(c)(2) and Title 21 U.S.C. § 853(n)(1)-(7), and this Court being fully and wholly apprised in all its premises, finds said Motion meritorious. The Court finds that the United States of America has proven by a preponderance of the evidence the nexus between the properties described below and the violation of Title 18 U.S.C. § 2252A(a)(2), by virtue of the Defendant's plea agreement with the factual basis contained therein. The Court further finds that the Defendant has an interest in the properties described below and does hereby GRANT said Motion.   IT IS THEREFORE,

ORDERED that all right, title, and interest of the Defendant in the properties described below, to wit:

1. TCL Revvl 4+ cellular phone, model 5062Z; and
2. LG Aristo, model MS210 cellular phone,

hereinafter referred to as the Subject Personal Properties be, and hereby is, forfeited to the United States of America; and IT IS FURTHER,

ORDERED that any and all right, title, and interest of any and all other potential petitioners, in the Subject Personal Properties be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER,

ORDERED that the Department of Homeland Security and/or its designated agent, shall seize, take custody, control, and possession of the aforementioned forfeited Subject Personal Properties, and shall dispose of same in accordance with law; and IT IS FURTHER,

ORDERED that all terms and provisions contained in this Court's Preliminary Order of Forfeiture (Doc. 42) entered on March 23, 2023, in so much as may be applicable and consistent with this Order, shall remain in full force and effect.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2024.

                                                                                                           _____
                                                                                                           ORLANDO L. GARCIA
                                                                                                           United States District Judge